I. In a suit brought to declare a mechanic’s lien, it is proper to allow the damage defendant sustained by reason of the failure of the plaintiff to complete the building within the time specified in the contract, and also for the unworkmanlike manner in which the work was done.
II. The chancellor may, in such a case, deny the plaintiff costs in the exercise of an equitable discretion.
THE CASE STATED AND DECIDED.
The plaintiff failed to complete the building at the time required by the contract, and the defendants, on the 1st day of July, 1868, took possession of the same, and completed the house so that they could live in it during that summer, and they claim that, by reason of the non-fulfillment of the contract, and by reason of the unworkmanlike manner in which the work was performed by the plaintiff, they have suffered damage to the amount of $2,000.
The cause was referred to the auditor, who reported the sum of $1,022.79,.including interest, due to the assignee of the complainant. Exceptions were taken to said report by the defendants, to the effect that the auditor erred in not allowing or taking into consideration in his report the damage the defendant sustained by reason of the failure of the plaintiff to complete the buildi ng within the time prescribed by his contract; and that he also erred in not allowing the defendants the amount of damage they were entitled to for *190 the unworkmanlike manner in which the work on said building was done by the plaintiff; and that he also erred in not allowing full credit for the amount paid, laid out, and expended by the defendants on the building in question. The first two of which exceptions were sustained by the court, and there was decreed to the plaintiff, or his assignee, the sum of $400, without interest or costs. From this decree the plaintiff appealed; and the court in general term held that defendants were entitled to an allowance for bad material, bad workmanship, and failure to complete the building as required by the contract. They also held that costs had been withheld in the exercise of an equitable discretion, and affirmed the decree as pronounced by the court below,